UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE E. WILSON, SR., | ) | Case No. 1:21-cv-1499 |
| Plaintiff, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | |
| DIANE FILKORN, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

*Pro se* Plaintiff Dwayne E. Wilson, Sr. filed this action against Trumbull Correctional Institution ("TCI") Head Librarian Diane Filkorn, TCI Deputy Warden of Special Services Mr. Davis, Toledo Correctional Institution ("ToCI") Head Librarian Ms. Shaddy, ToCI Deputy Warden of Special Services Ms. Kimberly Henderson, ToCI Institutional Inspector Derek Burkhart, Mansfield Correctional Institution ("MANCI") Head Librarian Ms. Weidner, MANCI School Principal Mr. Bell, MANCI Deputy Warden of Special Services Ms. Hunsinger, MANCI Institutional Inspector Ms. L. Booth, Allen Correctional Institution ("ACI") Head Librarian Ms. Cader, ACI Institutional Inspector Ms. Gibson, and Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector Roger Wilson. In the complaint, Plaintiff alleges that the Ohio prisons in which he was incarcerated did not provide adequate and consistent access to law library services. He seeks injunctive relief and monetary damages.

## STATEMENT OF FACTS

Plaintiff alleges he was incarcerated in TCI from 2016 to 2017, in ToCI from 2017 to 2018, in MANCI from 2018 to 2019, and in ACI from 2019 to the present. He contends that the Head Librarians of all of these prisons installed Lexis/Nexis as the legal research engine and removed paper research materials from their law libraries. He claims that, over the years in question, Lexis/Nexis frequently was offline and unavailable for research. He also alleges that the law libraries were often closed. He avers that these conditions impeded his research and his ability to prepare responses in an active civil case. He asserts violations of his First, Fifth, Sixth, Thirteenth, and Fourteenth Amendment rights.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564

(2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, the claims against the TCI and ToCI Defendants are untimely. Ohio's two-year statute of limitations for bodily injury applies to Section 1983 claims. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995). Plaintiff alleges he was incarcerated in TCI in 2016. He states he was incarcerated in ToCI from 2017 to 2018. This action was filed in August 2021. It is apparent from the face of the pleading that his claims against TCI and ToCI are filed well beyond the expiration of the two-year limitations period. There would be no purpose in allowing those claims to go forward in view of the fact that they are clearly time-barred. *See Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998). Plaintiff claims he was transferred to MANCI in 2018 and

3

to ACI in 2019. He does not specify the month or day he was transferred from MANCI to ACI. Any incidents that took place at MANCI prior to August 2019 would also be barred by the statute of limitations.

Further, Plaintiff names Davis, Henderson, Burkhart, Bell, Hunsinger, Booth, and Wilson as Defendants but does include any allegations against them in the body of the complaint. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 55938, at *1 (6th Cir. Sept. 20, 1995). Plaintiff does not allege facts to connect any of these Defendants to the actions described in the complaint. Therefore, he fails to state a claim on which relief may be granted against Davis, Henderson, Burkhart, Bell, Hunsinger, Booth, and Wilson.

Similarly, Plaintiff states that he is asserting claims under the First, Fifth, Sixth, Thirteenth, and Fourteenth Amendments. While the Court can reasonably construe a claim for denial of access to the courts under the First Amendment, and a claim for denial of due process and equal protection under the Fourteenth Amendment from the facts alleged in the complaint, the pleading contains no factual allegations or explanations suggesting a claim that may arise under the Fifth, Sixth, or Thirteenth Amendments. These causes of action are stated solely as legal conclusions which are not sufficient to state a plausible claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678.

Finally, although the Court can construe an attempt by Plaintiff to assert claims under the First and Fourteenth Amendments, Plaintiff fails to allege sufficient facts to state a viable cause of action under those constitutional amendments. To state a claim for denial of access to the courts under the First Amendment, Plaintiff must allege that particular actions of Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). In order words, he must demonstrate actual injury by showing that his underlying claim was non-frivolous and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint[.]" *Christopher*, 536 U.S. at 415.

Here, Plaintiff's claim is vague. He claims that he was unable to timely file a response in a civil case. He does not allege what kind of civil case he was pursuing, when he filed the civil action, or how Lexis/Nexis or the temporary closure of the law library frustrated a cause the action or directly resulted in a claim being dismissed. The facts he alleges simply are too vague to suggest a plausible claim for denial of access to the courts.

5

Plaintiff fails to state a claim for denial of due process. First, he has not demonstrated that he was deprived of a constitutionally protected liberty or property interest when he could not access the law library or the Lexis/Nexis computers. Absent a deprivation of a protected liberty or property interest, there is no denial of due process.

Plaintiff also indicates he was the victim of discrimination. The Court liberally construes this as an attempt to assert a claim for denial of equal protection. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). Plaintiff, however, does not allege that he was treated differently than any other prisoner. He fails to state a claim for denial of equal protection.

## CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

6

Dated: December 9, 2021

                                                      J. Philip Calabrese
                                                      United States District Judge
                                                      Northern District of Ohio